ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 20 2011
CLERK, U.S. DISTRICT COURT
By _____
     Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JONATHAN W. ROBERTSON, <br> Plaintiff, <br><br> v. <br><br> JOHN E. POTTER, Postmaster General, and <br> SHEILA SHANNON, <br> Defendants. | § <br> § <br> §    No. 3:10-CV-1424-N (BF) <br> § <br> § <br> § <br> § <br> § |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court for recommendation is the Motion to Dismiss for Failure to Exhaust Administrative Remedies (doc. 17) of Defendant John E. Potter ("Defendant"), Postmaster General of the United States. Plaintiff filed a Response (doc. 19). Defendant filed a Reply (doc. 20) and an Amended Reply (doc. 21).

### Background

Plaintiff was a Mail Handler at the United States Postal Service's Dallas, Texas Network. Defendant contends that Plaintiff's Title VII claims for unlawful termination and retaliation are barred by the 45-day statute of limitations for contacting an Equal Employment Opportunity ("EEO") counselor because Plaintiff failed to comply with that requirement within 45 days of his termination, September 20, 2008.

Plaintiff responds that the first time he felt his rights were being violated was October 18, 2009, when he called his Union Vice President inquiring about the Arbitration hearing that was proceeding pursuant to the Union Grievance Procedure. Because Plaintiff refers to evidence outside the facts alleged in his complaint, facts which he seeks to incorporate by reference, the Court gave

notice that the motion to dismiss must be treated as one for summary judgment under Rule 56. FED. R. CIV. P. 56(d).[1] The Court gave the parties time to supplement their pleadings. Plaintiff filed a Supplemental Summary on April 14, 2011 (doc. 24). The material facts required to determine the issues before the Court are undisputed.

### Undisputed Material Facts

Defendant mailed a Notice of Removal to Plaintiff by Certified Mail on August 12, 2008, explaining that his employment would be terminated effective September 20, 2008 for continuing attendance deficiencies. (Doc. 8 at 4.) Plaintiff went to his Local Union for them to represent him, and they filed grievance No. 10712 for him on September 9, 2008. Plaintiff pursued his grievance through the arbitration decision upholding the employer's action on or about August 18, 2009. (Doc. 8 at 9-21.) He appealed the adverse decision which was reversed on appeal on December 1, 2009. The appellate tribunal ordered payment of wage loss benefits from August 8, 2008, to May 31, 2009.

According to the Notice of Removal, Plaintiff's termination date was September 20, 2008, and Plaintiff does not dispute that his first EEO contact was on October 19, 2009, when he first felt the Union was not properly representing him. (Doc. 19 at 3.) Thus, Plaintiff contacted the EEO counselor well beyond the expiration of the 45-day period for initial contact. On January 7, 2010, the EEOC issued its agency decision dismissing Plaintiff's EEO claim based upon failure to comply with the 45-day requirement. (Doc. 1 at 13.) Plaintiff does not deny that EEO Poster 72, explaining that "Equal Employment is the Law," was –and had been at all pertinent times– posted at various locations at Plaintiff's place of work. (Doc. 8 at 30.) Poster 72 informed employees or applicants

---

[1] The Fifth Circuit Court of Appeals has approved using summary judgment procedure to address exhaustion and other affirmative defenses not enumerated in Rule 12(b). *See Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010).

for employment to contact the EEO office within 45 calendar days of the date of any alleged discriminatory action or, if a personnel action were involved, within 45 calendar days of the effective date of the action. (*Id.*)

The Court must consider whether Defendant is entitled to summary judgment on Plaintiff's claims and make a recommendation to the District Court.

## Standard of Review on Summary Judgment

A court shall render summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline, Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When a court rules on a motion for summary judgment, the court must view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Ragas*, 136 F.3d at 458. Further, a court "may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary-judgment evidence that shows the existence of a genuine issue of material fact. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not sufficient to defeat a motion for

summary judgment because they are not competent summary-judgment evidence. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Moreover, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary-judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). The party opposing summary judgment must identify specific evidence in the record and articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.; see also Skotak v. Tenneco Resins*, 953 F.2d 909, 915-16 & n. 7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

## Exhaustion of Administrative Remedies for Postal Employees

Plaintiff is a federal employee. Therefore, this action is governed by those provisions of Title VII of the Civil Rights Act of 1964, as amended, pertaining to employees of the United States government, 42 U.S.C. § 2000e-16. Title VII's provisions respecting federal employment include "rigorous administrative exhaustion requirements and time limitations" as "preconditions" to filing a civil action.[2] *Brown v. General Services Administration*, 425 U.S. 820, 832-833 (1976). Postal

---

[2] EEOC or EEO filing deadlines are not jurisdictional. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Nevertheless, because the statutory prerequisites are a condition to the government's waiver of sovereign immunity, the
4

employees are required to contact an EEO Counselor within forty-five days "of the matter alleged to be discriminatory or, in the case of personnel action . . . of the effective date of the action."[3] 29 C.F.R. § 1614.105(a)(1); *see also* 29 C.F.R. § 1614.103(b)(3).

A federal employee's failure to initiate contact with an EEO Counselor within the 45-day required period bars review of the claim in federal court. In appropriate cases, a federal employee's failure to meet Title VII's administrative deadlines may be excused by applying established principles of waiver, estoppel, and equitable tolling. *Pacheco v. Rice*, 966 F.2d 904, 905 (5th Cir. 1992) (citing *Henderson v. United States Veterans Admin.*, 790 F.2d 436, 439 (5th Cir. 1986)). Courts have applied equitable tolling "in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin*, 498 U.S. at 96. Neither of those situations is present here. Plaintiff has the burden to prove reasons sufficient to excuse his noncompliance with Title VII's deadlines.[4] *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002).

---

statutes must be strictly construed. *Id.*

[3] The EEO counselor has 30 days to resolve the matter informally or to notify the employee of his right to file a formal written administrative complaint. The employee has 15 days after this notification to file his written administrative EEO complaint with the agency. 29 C.F.R. § 1614.106(b). Upon investigation, sometimes including hearings, the agency is to issue a Final Agency Decision ("FAD"). 29 C.F.R. §§ 1614.108-110. If the agency does not issue a FAD within 180 days, the employee may file a civil action in District Court. Alternatively, the employee may await the FAD and, if he is dissatisfied, he may appeal the FAD to the EEOC/OFO and thereafter pursue a civil action. 42 U.S.C. § 2000e-16©; 29 C.F.R. § 1614.407.

[4] "[T]he plaintiff has the burden of demonstrating a factual basis to toll the period." *Conaway v. Control Data Corp.*, 955 F.2d 358, 362 (5th Cir. 1992).

5

## Analysis

Defendant urges the Court to dismiss with prejudice of all Plaintiff's Title VII claims because he failed to timely contact an Equal Employment Opportunity Counselor ("EEO Counselor") within 45 days of the date of his termination, and he failed to state grounds that would entitle him to equitable tolling of the limitations period. Plaintiff does not rely upon waiver or estoppel. Rather, he claims that the 45-day deadline should be equitably tolled because he was not notified or made aware of the time limit.

The regulation requires extension of the time limit where the employee was neither "notified" nor "otherwise aware" of the informal counseling requirement. *Teemac*, 298 F.3d at 454 (citing 29 C.F.R. § 1614.105(a)(2); *Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. 1981)). Providing adequate notification to an employee is sufficient for a government employer to avoid an extension of the time limit for an employee to make an informal discrimination complaint to an EEO counselor; the employer need not prove that an individual understood the notice. *Teemac*, 298 F.3d 452, 456-57 (5th Cir. 2002). Distributing information about the requirement during new employee orientation and displaying posters has been held to be adequate. *Id.*

Plaintiff acknowledges that Defendant displayed the posters. Plaintiff claims that the last time he saw EEOC Poster 72 informing him of the 45-day deadline was July 2008, two months before his termination. Thus, Plaintiff does not allege, much less offer evidence to demonstrate, that he did not have actual or constructive knowledge of the 45-day deadline. Defendant's notification of the EEO counseling requirement was adequate in this case, and Plaintiff is not entitled to equitable tolling based upon lack of notice.

Equitable tolling applies only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Courts grant requests for equitable tolling most frequently where "the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). In *dictum*, the Fifth Circuit has stated that equitable tolling may apply when an employee's "lack of sophistication" prevents him from understanding Title VII's procedures. *Rowe v. Sullivan*, 967 F.2d 186, 192 (5th Cir. 1992). Equitable tolling applies only sparingly, and the burden of demonstrating the propriety of its invocation falls squarely on the party seeking its relief. *Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002).

Plaintiff claims that he did not receive the notice of removal that the employer sent by certified mail. Not receiving the notice is not dispositive because Plaintiff has demonstrated actual knowledge by the fact that on September 9, 2008, Plaintiff filed a Union grievance challenging the employment action. Thus, he knew about the employment action finding him AWOL from June 7 to August 8 –the reason he was terminated– when almost 30 days of the 45-day period remained during which he could have fulfilled the requirement to contact an EEO Counselor. Therefore, the Court finds that Plaintiff has not satisfied his burden of justifying the application of equitable tolling based on a claim of lack of notification of the personnel action.

Plaintiff claims that the time should run not from the date of his termination, September 20, 2008, but from October 18, 2009, when he first realized the Union was not properly handling his Union grievance of the personnel issue. As a precondition to seeking judicial relief, federal employees suing under Title VII must exhaust their administrative remedies. *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006). To do so, federal employees "must initiate contact with

a[n][EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). The 45-day limitations period begins to run from the time the discriminatory event or personnel action occurs, not when the plaintiff discovers or can prove that a discriminatory intent motivated the action. *Pacheco v. Rice,* 966 F.2d at 906.

In *Pacheco v. Rice,* the Fifth Circuit held that notification within the time a plaintiff apprehends that an adverse employment decision was motivated by a discriminatory purpose is not sufficient. *Id.* The appellate court noted that the only personnel action of which Pacheco could have complained was the decision to fire him. *Id.* Accordingly, the statute of limitations ran from Pacheco's date of termination, not the date he realized the employer's discriminatory purpose. *Id.* Similarly, in this case the limitations period ran from the date of Plaintiff's termination, not –as Plaintiff claims– the date when he realized the Union was not properly handling the Union grievance of the personnel issue.

Plaintiff fails to demonstrate any facts that would constitute vigorous action in support of his Title VII claim or lack of sophistication on his part when it comes to procedure. If Plaintiff's actions with respect to his Title VII claim (or, more properly, "inactions") were taken as warranting equitable tolling, Title VII's requirement for contacting an EEO counselor within 45 days of the complained-of employment decision would be viscerated. Every *pro se* litigant would be entitled to equitable tolling of the 45-day requirement.

Plaintiff chose to pursue his complaint through the grievance procedure under the collective bargaining agreement. An employee's pursuance of the grievance procedure before contacting the EEOC does not toll the 45-day time limit for contacting an EEO counselor. *Maddox v. Runyon,* 139

F.3d 1017, 1020-21 (5th Cir. 1998) (unlike some other federal employees, postal workers need not elect between collective bargaining procedure and Title VII but may pursue both procedures simultaneously). *See Smith v. Potter*, 445 F.3d 1000, 1007 (7th Cir. 2006) (45-day limitations period for terminated federal employee to contact EEO counselor about claim that termination was discriminatory began to run as of removal date named in termination notice that agency sent employee, not later when employee's union grievance process was concluded). As Plaintiff recognized in his pleadings in this case, being removed from employment is a discrete act. Plaintiff did not have to await the outcome of his grievance to pursue his Title VII action for wrongful termination. A plaintiff raising claims of discrete discriminatory or retaliatory acts must act with due diligence and must file his charge within the appropriate time period. *See National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002).

Plaintiff did not diligently pursue his Title VII claim, opting instead to pursue the Union grievance until he decided the Union was not properly representing him. Neither this nor his other excuses for failing to meet the 45-day deadline for contacting an EEO Counselor warrant equitable tolling of the 45-day period. The District Court should decline to equitably toll the 45-day filing requirement. Accordingly, Plaintiff's Title VII wrongful termination claim should be dismissed with prejudice for failure to exhaust administrative remedies.

### Retaliation

Plaintiff's claim for retaliation[5] is barred for failure to exhaust administrative remedies as well. Indeed, there is no evidence that Plaintiff ever filed an administrative charge relating to retaliation. Accordingly, the District Court should grant summary judgment on the retaliation claim as well as the wrongful termination claim.[6]

### Recommendation

The Court recommends that, treating Defendant's Motion to Dismiss (doc. 17) as a Motion for Summary Judgment, the District Court grant summary judgment on Plaintiff's Title VII claims for failure to exhaust administrative remedies.

SO RECOMMENDED, June 20, 2011.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[5] Title VII prohibits employers from retaliating against an employee who opposes what he reasonably believes to be an unlawful employment practice. *See* 42 U.S.C.A. § 2000e-3 (West 1994). Although not specifically enunciated as prohibited conduct under Title VII's federal employment section, Congress, in enacting 42 U.S.C. § 2000e-16 intended to include the protections from harassment and retaliation embodied in the Civil Rights Act. *See, e.g., Ayon v. Sampson*, 547 F.2d 446 (9th Cir. 1976).

[6] The Court need not reach Defendant's alternative contention that Plaintiff filed this suit without allowing 180 days for the EEOC to reach a decision.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).